Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com
kagnew@diversitylaw.com
nrosenthal@diversitylaw.com

William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
**Polaris Law Group**
501 San Benito Street, Suite 200
Hollister, CA 95023
(831) 531-4214
(831) 634-0333 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DOMINGUEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEPRINO FOODS COMPANY, a Colorado corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 1:22-cv-01018-NODJ-EPG<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 226.7 AND 512;**<br>(2) **VIOLATION OF LABOR CODE §§ 201-203;**<br>(3) **VIOLATION OF LABOR CODE § 226; AND**<br>(4) **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*** |

1

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Christopher Dominguez ("Plaintiff") hereby submits this first amended class action complaint ("Complaint") against Defendant Leprino Foods Company ("Defendant" or "Leprino"), and Does 1 through 50 (collectively, "Defendants"), on behalf of himself and a class of all other similarly situated current and former employees of Defendant for penalties, damages and/or restitution, as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code sections 201-204, 226, 226.7, 246, and 512, California Business and Professions Code section 17200, *et seq*. (the "UCL"), and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC").

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendant.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by: (a) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay meal/rest period premiums, in violation of Labor Code sections 201-203, 226.7 and 512; (b) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay sick pay wages, in violation of Labor Code sections 201-204 and 246; and (c) failing to provide accurate itemized wage statements, in violation of Labor Code section 226.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the applicable IWC Wage Orders by creating and maintaining policies, practices, and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices, and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California

Case 1:22-cv-01018-KES-EPG    Document 31    Filed 02/14/24    Page 3 of 14

1  Business and Professions Code.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code sections 201-204, 226, 226.7, 246, and 512, the UCL, and the applicable Wage Orders. Furthermore, this Court has jurisdiction over this class action pursuant to Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

7. Venue is proper in Kings County because Plaintiff worked for Defendant in Lemoore, California. Defendant later removed this action to the United States District Court for the Eastern District of California pursuant to the Class Action Fairness Act.

## PARTIES

8. Plaintiff was employed by Defendant as an HVAC Foreman from about October 2015, until about June 1, 2022. During his employment with Defendant, Plaintiff worked as an hourly, non-exempt employee.

9. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code sections 201-204, 226, 226.7, 246, and 512, the UCL, and the applicable Wage Orders.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant Leprino Foods Company was and is a Colorado corporation that maintains operations in the State of California, including in Kings County, California. Plaintiff is informed and believes, and based thereon alleges, that Defendant produces cheese and other dairy products to companies across the United States and in the State of California.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Does 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to the California Labor Code and the UCL.

12. Plaintiff does not know the true names or capacities, whether individual, partner,

3

FIRST AMENDED CLASS ACTION COMPLAINT

or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

FIRST AMENDED CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

17. **Definition**: The named individual Plaintiff seeks class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff proposes the following classes (together, the "Class" or "Class Members"):

   a. All current and former non-exempt employees of Defendant in the State of California who received the payment of overtime and/or shift differential wages, at any time from June 28, 2021, to the present (the "Wage Statement Class" or "Wage Statement Class Members");

   b. All current and former non-exempt employees of Defendant who (i) worked at Leprino's non-union Lemoore West facility in Lemoore, California; and (ii) earned non-discretionary incentive compensation and meal/rest period premiums during the same workweek, at any time from June 28, 2018 to November 7, 2021 (the "Meal/Rest Period Class" or "Meal/Rest Period Class Members")); and

   c. All former non-exempt employees of Defendant who (i) worked at Leprino's non-union Lemoore West facility in Lemoore, California; (ii) earned non-discretionary incentive compensation and sick pay during the same workweek during the period of June 28, 2019 to May 2, 2021; and (iii) whose employment ended at any time from June 28, 2019, through the present (the "Sick Pay Class " or "Sick Pay Class Members")).

18. **Numerosity and Ascertainability**: The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendant: (a) failed to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay meal/rest period premiums, in violation of Labor Code sections 201-203, 226.7 and 512; (b) failed to incorporate all non-discretionary incentive wages in the regular rate of pay used to

calculate and pay sick pay wages, in violation of Labor Code sections 201-204 and 246; (c) failed to provide accurate itemized wage statements, in violation of Labor Code section 226; and (d) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code, and the applicable IWC Wage Orders.

19. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

20. Defendant uniformly administered a corporate policy, practice of: (a) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay meal/rest period premiums, in violation of Labor Code sections 201-203, 226.7 and 512; (b) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay sick pay wages, in violation of Labor Code sections 201-204 and 246; (c) failing to provide accurate itemized wage statements, in violation of Labor Code section 22; and (d) engaging in Unfair Business Practices in violation of the UCL, the California Labor Code, and the applicable IWC Wage Orders.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendant had a consistent and uniform policy, practice, and procedure of willfully failing to comply with Labor Code §§ 201-204, 226, 226.7, 246, and 512, , the UCL, and the applicable Wage Orders.

22. **Common Question of Law and Fact**: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant's policy and practice of: (a) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay meal/rest period premiums, in violation of Labor Code sections 201-203, 226.7 and 512; (b) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay sick pay wages, in violation of Labor Code sections 201-204 and 246; (c) failing to provide accurate itemized

wage statements, in violation of Labor Code section 226; and (d) engaging in Unfair Business Practices in violation of the UCL, the California Labor Code, and the applicable IWC Wage Orders.

23. **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harms alleged in this Complaint in a similar and typical manner as the Class Members. As with other non-exempt employees, Plaintiff earned non-discretionary incentive pay, including but not limited to shift differentials. During workweeks when Plaintiff earned meal/rest period premiums and said non-discretionary pay, Defendant failed to include the non-discretionary pay in the calculation of the regular rate for the purposes of paying meal/rest period premium compensation. Rather, Defendant paid the premium compensation at Plaintiff's base hourly rate of pay, instead of the correct, higher regular rate of pay. Relatedly, Defendant also failed to pay sick pay at the correct regular rate of pay. During workweeks when Plaintiff earned non-discretionary pay and sick pay, the non-discretionary incentive pay should have been factored into the regular rate of pay used to calculate and pay sick pay earnings. However, Defendant paid the sick pay wages at Plaintiff's base hourly rate of pay. As such, Plaintiff is owed the unpaid/underpaid meal/rest period premium compensation and sick pay based on the correct regular rate of pay. To date, Plaintiff has yet to receive the underpaid wages owed to him, within the deadlines set forth in Labor Code sections 201-204. As such, Plaintiff is owed waiting time penalties. Lastly, as a result of the underpayment of wages alleged above, the wage statements issued to Plaintiff violated Labor Code section 226. More specifically, the wage statements displayed inaccurate rates of pay and net and gross wages earned. Furthermore, whenever overtime and/or shift differential wages were paid, the wage statements issued to Plaintiff did not identify the accurate total hours worked. In particular, when the hours shown on the wage statements are added up, they do not appear to add up to the actual total hours worked. Therefore, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code sections 201-204, 226, 226.7, 246, and 512, and the UCL.

24. The California Labor Code upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in

establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid wages, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5 and 226, the applicable IWC Wage

Orders, and Code of Civil Procedure § 1021.5.

28. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff Class to recovery on the causes of action alleged herein.

29. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7 AND 512

## (BY PLAINTIFF AND MEAL/REST PERIOD CLASS AGAINST ALL DEFENDANTS)

30. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

31. At all relevant times, Defendant failed in its affirmative obligation to ensure that Plaintiff and Meal/Rest Period Class Members had the opportunity to take and were provided with off-duty meal and rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.

32. Pursuant to Labor Code section 226.7, for each workday that a meal or rest period is not provided, employees are entitled to one additional hour of pay at the employee's *regular rate of pay*. Defendant, however, paid meal and rest period premium wages at an employee's base hourly rate of pay, which did not include non-discretionary incentive pay, including without limitation, shift differentials. As such, Plaintiff and the Meal/Rest Period Class are owed additional meal and rest period premiums based on the correct, higher regular rate of pay.

33. Plaintiff is informed and believes, and based thereon allege, that Defendant's willful failure to pay all meal/rest period premium wages due and owing to Plaintiff and the Meal/Rest Period Class upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other

members of the Meal/Rest Period Class who have separated from employment are entitled to compensation pursuant to Labor Code section 203.

34. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and Meal/Rest Period Class Members, in a civil action, for the unpaid balance of the premium compensation pursuant to Labor Code section 226.7, and the applicable IWC Wage Order, including interest thereon, penalties, including penalties pursuant to Labor Code sections 201-203, 226.7, and 512, reasonable attorneys' fees, and costs of suit.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 201-203

## (BY PLAINTIFF, MEAL/REST PERIOD CLASS, AND SICK PAY CLASS AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

36. Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

37. Labor Code section 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code section 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

38. Labor Code section 246 provides that an employee is entitled to receive sick time pay. The employer shall calculate paid sick leave by using one of two calculations: (1) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee

actually works overtime in that workweek;" or (2) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

39. Whenever Defendant paid Plaintiff and Sick Pay Class Members sick pay pursuant to California Labor Code section 246, Defendant did so at the incorrect rate of pay. Plaintiff and Sick Pay Class Members routinely earned non-discretionary incentive remuneration, including without limitation, shift differentials, thereby increasing their regular rates of pay to amounts that were higher than their base rates of pay. However, whenever sick pay was paid to Plaintiff and Sick Pay Class Members, it was paid only at their base rates of pay, rather than the higher regular rates of pay, as required under Labor Code section 246.

40. As a pattern and practice, Defendant regularly failed to pay Plaintiff and Sick Pay Class Members their correct wages and accordingly owe waiting time penalties pursuant to Labor Code section 203. Further, Plaintiff is informed and believes and based thereon alleges, that such failure to pay sick pay at the correct regular rate was willful, such that Plaintiff and Sick Pay Class Members are entitled to waiting time penalties pursuant to Labor Code sections 201-203.

41. Defendant willfully failed to pay Plaintiff, Sick Pay Class Members, and separated Meal/Rest Period Class Members all their wages due, as alleged hereinabove and hereinafter, upon the termination of their employment within the times prescribed by Labor Code sections 201 and 202 and are therefore subject to a waiting time penalty. Plaintiff, Sick Pay Class Members, and separated Meal/Rest Period Class Members are entitled to recover from Defendant the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226
### (BY PLAINTIFF, MEAL/REST PERIOD CLASS, AND WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

43. Defendant failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements, in violation of Labor Code section 226.

44. Plaintiff and the Class were paid hourly. As such, the wage statements should have reflected the applicable hourly rates of pay, total hours worked, and gross and net wages earned, pursuant to Labor Code section 226. However, the wage statements issued by Defendant to Plaintiff, and Meal/Rest Period Class Members failed to identify such information accurately.

45. As a result of the underpayment of meal period premiums and rest period premiums, Defendant issued inaccurate wage statements to Plaintiff and Meal/Rest Period Class Members. In this regard, the wage statements failed to accurately identify the hourly rates of pay, gross wages earned, and net wages earned.

46. Separately, whenever overtime and/or shift differential wages were paid, the wage statements issued to Plaintiff and Wage Statement Class Members did not identify the accurate total hours worked. In particular, when the hours shown on the wage statements are added up, they do not appear to add up to the actual total hours worked.

47. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff, Meal/Rest Period Class Members, and Wage Statement Class Members in a civil action, for all damages or penalties pursuant to Labor Code section 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code section 226.

## FOURTH CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*
## (BY PLAINTIFF, MEAL/REST PERIOD CLASS, AND SICK PAY CLASS AGAINST ALL DEFENDANTS)

48. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

49. Defendant has engaged and continue to engage in unfair and unlawful business

practices in California by practicing, employing, and utilizing the employment practices outlined above, including by: (a) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay meal/rest period premiums, in violation of Labor Code sections 226.7 and 512; and (b) failing to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay sick pay wages, in violation of Labor Code section 246.

50. Defendant's utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition and provides an unfair advantage over Defendant's competitors.

51. Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein.

52. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business & Professions Code section 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed classes;
2. For an order appointing Plaintiff as the representative of the classes as described herein;
3. For an order appointing counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code sections 201-203, 226.7, and 512, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code sections 201-204 and 246, and for costs and attorneys' fees;

6. Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code section 226, and for costs and attorneys' fees;

7. Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business & Professions Code section 17200, *et seq.*, and for costs and attorneys' fees;

8. On all causes of action for attorneys' fees and costs as provided by California Labor Code sections 218.5 and 226, and Code of Civil Procedure section 1021.5; and

9. For such other and further relief the Court may deem just and proper.

DATED: January 24, 2024

DIVERSITY LAW GROUP, P.C.

By: */s/ Kristen M. Agnew*
Larry W. Lee
Kristen M. Agnew
Nicholas Rosenthal
Attorneys for Plaintiff and the Class